# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**CODY FULLER,**

    **Movant,**

**v.**                                                      **Case No. 2:16-cv-05221**
                                                               **Case No. 2:13-cr-00044-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 42) and his Motions to Amend or Supplement his Section 2255 Motion (ECF Nos. 46 and 47).[1] This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### RELEVANT PROCEDURAL HISTORY

On February 5, 2013, Movant, Cody Fuller (hereinafter "Defendant") was indicted on one count of knowingly receiving and possessing stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count One), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Two). (ECF No.

---

[1] Also pending only in Movant's criminal case are three *pro se* letter-form motions seeking similar relief to that sought in his section 2255 motion and requesting appointment of counsel. (ECF Nos. 39, 40 and 41). In light of the recommended rulings herein concerning Movant's claims for relief, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Movant's *pro se* letter-form motions (ECF Nos. 39, 40 and 41).

1).  On April 8, 2013, Defendant pled guilty, pursuant to a written plea agreement, to Count Two of the Indictment charging him with being a felon in possession of a firearm. (ECF Nos. 23-25).  Defendant's plea agreement included an agreement concerning the application of an adjusted offense level of 22 under section 2K2.1 of the United States Sentencing Guidelines ("USSG").  (ECF No. 24 at 4).  Defendant's plea agreement also contained a waiver of Defendant's right to appeal, unless the sentence imposed by the district court exceeded level 22, and a waiver of collateral attack, except for claims of ineffective assistance of counsel.  (*Id.* at 4-5).

According to his Presentence Investigation Report ("PSR"), Defendant's Guideline base offense level was 14.  *See* USSG § 2K2.1(a)(6)(A).  He received a two-level enhancement under USSG § 2K2.1(b)(1)(A) for possessing between three and seven firearms; another two-level enhancement under USSG § 2K2.1(b)(4)(A) because at least one of the firearms was stolen; and a four-level enhancement under USSG § 2K2.1(b)(6)(B) for possessing a firearm or ammunition in connection with another felony (a burglary).  Defendant further received a three-level reduction under USSG § 3E1.1 for acceptance of responsibility.  Thus, his total offense level was determined to be 19, with a criminal history category of V, because he had 12 criminal history points.

On July 31, 2013, Defendant was sentenced to 57 months in prison, followed by a three-year term of supervised release.  (ECF No. 33 at 2).  Defendant's sentence was further ordered to run consecutive to an undischarged state sentence.  (*Id.*)  A Judgment to that effect was entered on August 14, 2013.  (*Id.*)  Defendant did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

On May 16, 2016, Defendant filed a Letter-Form Motion for Relief under the Johnson/Welch Cases as to the Armed Career Criminal Act (ECF No. 39).  On May 26,

2016 and June 9, 2016, respectively, Defendant filed two more letter-form motions seeking similar relief. (ECF Nos. 40 and 41). On June 9, 2016, Defendant also filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 ("section 2255 motion"), on the form used by this court for such motions. (ECF No. 42). Defendant's section 2255 motion contains four grounds for relief, which state as follows:

1. Felon in possession isn't a violent crime just as felon in possession of firearms, but I was enhanced (b)(6)(B) firearm used/possessed in connection with another felony (burglary) 4 points and my crime was made violent when burglary isn't a violent crime and given extra time.

2. Being enhanced 3 points for daytime burglary in my criminal history score. Being enhanced 4 points for firearm used/possessed in connection with another felony burglary in my Guideline calculation.

3. Guideline calculation: 4 point enhancement firearm used/possessed in connection with another felony (burglary) my crime was made violent under these calculations.

4. Felon in possession of firearms is not a violent crime, but in my case it was due too [sic; to] my enhancements. USA v Welch/USA v Johnson

(ECF No. 42).

Thus, the section 2255 motion asserts that Defendant is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and further finding that imposition of an increased sentence thereunder violates due process.[2] On April 18, 2016, the Supreme

---

[2] The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable . . . by imprisonment for a term exceeding one year . . . that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

3

Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural, decision. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

On June 30, 2016, Defendant filed two motions seeking to amend his section 2255 motion. (ECF Nos. 46 and 47). The motion in ECF No. 46 contains no substantive claim. However, the motion in ECF No. 47, which was filed simultaneously with ECF No. 46, requests that the court grant Defendant relief, not only under *Johnson* and *Welch*, but also under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and, what the undersigned believes to be the Fourth Circuit's decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014), which was subsequently vacated by that Court's en banc decision in *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014).

Because it is evident that Defendant is not entitled to any relief on his section 2255 motion, the undersigned has not ordered a response by the United States of America. The undersigned will address each of Defendant's claims in the Analysis section.

## ANALYSIS

### A. Defendant is not entitled to any relief under *Johnson/Welch*.

The court can quickly dispose of Defendant's claim that he is entitled to relief under the Supreme Court's decisions in *Johnson* and *Welch*. Defendant was not sentenced

---

(ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another.</u>

18 U.S.C. § 924(e)(2)(B) (Emphasis added). Subsection (i) is known as the "elements" or "force" clause. The first part of subsection (ii) is known as the "enumerated offense" clause. The emphasized portion of subsection (ii) is known as the "residual" clause.

4

under the ACCA. Rather, Defendant's section 2255 motion asserts that a four-point enhancement that he received for possessing a firearm in connection with another felony of burglary, and the attribution of three criminal history points for a prior daytime burglary conviction, should no longer apply after *Johnson* (as made retroactive on collateral review by *Welch*), because his burglary offense is not a violent felony. There are several reasons why Defendant is not entitled to relief on this claim.

First, the issue of *Johnson*'s application to challenges of enhancements under the United States Sentencing Guidelines has been foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the Supreme Court examined the constitutionality of the career offender guideline's residual clause in light of *Johnson* and determined that it was not unconstitutionally vague, explaining that "[u]nlike the ACCA[,] . . . the advisory Guidelines do not fix the permissible range of sentences." *Id.* at 892. Instead, the Court found that the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* Thus, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in § 4B1.2(a)(2) therefore is not void for vagueness." *Id.*

Therefore, in light of *Beckles*, any argument that the holding in *Johnson* also invalidates any portion of the United States Sentencing Guidelines as being void for vagueness lacks merit. *See also United States v. Brown*, 868 F.3d 297 (4th Cir. 2017) (*Beckles* forecloses argument that *Johnson* invalidates all residual clauses with wording similar to ACCA's invalidated residual clause).

Moreover, Defendant's sentencing enhancement under USSG § 2K2.1(b)(6)(B) and the attribution of three criminal history points for Defendant's prior daytime burglary

5

conviction under USSG § 4A1.1(a) are not affected by *Johnson* because those matters do not involve a determination of whether a prior crime is a "violent felony" using a definition that includes a residual clause. Rather, Defendant is challenging a four-level enhancement under USSG 2K2.1(b)(6)(B), which provides as follows:

> If the defendant – (B) used or possessed any firearm or ammunition in connection with <u>another felony offense</u> . . . increase by 4 levels.

USSG § 2K2.1(b)(6)(B) [emphasis added]. That provision does not require a finding that the firearm or ammunition was used or possessed in connection with a <u>violent</u> felony, and, therefore, *Johnson* has no application under those circumstances.

Likewise, Defendant was attributed three criminal history points for a 2012 daytime burglary conviction under USSG § 4A1.1(a), which states, "[a]dd 3 points for each prior sentence of imprisonment exceeding one year and one month." USSG § 4A1.1(a). Defendant received those three points because he was convicted of daytime burglary in 2012 and was sentenced to one to ten years in prison on that conviction. That finding has nothing to do with whether the daytime burglary was a "violent felony," and the Guideline provision does not contain a residual clause. Thus, even if *Johnson* did apply to the Guidelines, Defendant is not entitled to any relief thereunder for these claims.

Additionally, Defendant agreed to his Guideline calculation in his written plea agreement and he waived any collateral attack, unless it was one based on ineffective assistance of counsel, which he has not raised herein. (ECF No. 24 at 4). Accordingly, he is bound by his agreements and the representations he made during his guilty plea hearing. Finally, because *Johnson* is inapplicable to Defendant's claims, his section 2255 motion is otherwise untimely, as it was filed more than one year after his Judgment became final. *See* 28 U.S.C. § 2255(f)(1).

### B. Defendant is not entitled to any relief under *Mathis*.

Defendant's Motion to Amend his section 2255 motion (ECF No. 47) requests that this court grant him relief under the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court clarified the proper application of the categorical and modified categorical approaches used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, and found that Iowa's burglary statute encompassed conduct broader than that comprising federal generic burglary as defined in *Taylor v. United States*, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a violent felony under the ACCA.

Again, Defendant was not sentenced under the ACCA. Nevertheless, to the extent that he is contending that, based upon *Mathis*, he should not have received the challenged four-level enhancement under USSG § 2K2.1(b)(6)(B) for possessing a firearm or ammunition in connection with a burglary offense, or the three criminal history points in his criminal history for the burglary offense, those claims lack merit and are untimely. The language of the subject guidelines does not require a finding that the burglary offense in question satisfies the definition in *Taylor*. Rather, USSG § 2K2.1(b)(6)(B) simply requires that a firearm or ammunition be possessed in connection with any felony offense, and USSG § 4A1.1(a) simply requires that the Defendant have a prior conviction with a sentence that exceeds one year and one month, which his burglary conviction does. Consequently, *Mathis* has no application to Defendant's case.

Moreover, even if *Mathis* did have any implication in Defendant's case, that decision is not a new rule of constitutional law that has been made retroactive on collateral review. Therefore, Defendant may not rely upon that decision to obtain collateral relief and this claim is untimely filed.

For all of these reasons, the undersigned proposes that the presiding District Judge **FIND** that Defendant is not entitled to any relief under section 2255 based upon *Mathis* and his request for amendment of his section 2255 motion to raise a claim thereunder is futile.

### C. Defendant is not entitled to any relief based upon *Whiteside*.

Defendant's Motion to Amend his section 2255 motion also seeks relief under the decision in "*Whiteside*." (ECF No. 47 at 1). It is unclear as to which "*Whiteside*" decision Defendant is referring, and on what basis he believes he is entitled to relief thereunder. Presuming that Defendant is referring to the Fourth Circuit's decision in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014) ("*Whiteside I*"), that decision does not appear to afford him any relief.

In *Whiteside I*, a panel of the Fourth Circuit held that the one-year statute of limitations for filing a section 2255 motion could be equitably tolled if a defendant can demonstrate that he was pursuing his rights diligently, and that a non-constitutional error, such as the erroneous application of a sentencing enhancement under the Guidelines, amounts to a fundamental miscarriage of justice, and that the claim was unavailable to the defendant under the law when he could have timely raised the claim. *Id.* at 546-47. Liberally construing his motion, it appears that Defendant may be asserting that the challenged enhancements of his sentence under the Guidelines amounted to a fundamental miscarriage of justice, and that such claims were not available to him when he could have filed a timely section 2255 motion.

Subsequently, however, the Fourth Circuit issued an en banc opinion wherein it determined that equitable tolling was not available based upon Whiteside's claim that only unfavorable circuit precedent existed when he could have filed a timely section 2255

8

motion. *See Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc) ("*Whiteside II*"). Thus, to the extent that Defendant is attempting to use *Whiteside I* to assert that any of his claims in his section 2255 motion or his motions to amend are timely brought, his efforts are, once again, futile.

### **RECOMMENDATION**

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 42) and his Motions to Amend his Section 2255 Motion (ECF Nos. 46 and 47), **DENY AS MOOT** his letter-form motions for relief under *Johnson/Welch* and for appointment of counsel (ECF Nos. 39, 40 and 41), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

9

Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Copenhaver.

  The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

June 25, 2018

                   Dwane L. Tinsley
                   United States Magistrate Judge